## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NOEL YBARRA,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:19-cv-413** |
| | § | |
| **RURAL TEXAS BROADBAND, INC.** | § | |
| **AND ADT SYSTEMS, INC.,** | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Noel Ybarra ("Plaintiff" or "Ybarra") brings this Fair Labor Standards Act ("FLSA") suit against Rural Texas Broadband, Inc. and ADT Systems, Inc. ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  For cause of action, he respectfully shows as follows:

### I.        PRELIMINARY STATEMENT

1.1     Plaintiff was formerly employed by Defendants as a non-exempt field technician.

1.2      Plaintiff brings this suit to recover unpaid overtime and minimum wage compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.3     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

1.4     Instead, Defendants paid Plaintiff straight time for all hours worked over forty.

1.5     Additionally, Defendants willfully committed violations of the FLSA by refusing to pay Plaintiff any compensation at all for the final weeks of his employment.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").   Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants as Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located in and do business in San Antonio.   Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division.   Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## III.     PARTIES

### A.     Plaintiff

3.1     Plaintiff Noel Ybarra is an individual residing within this judicial district.

### B.     Defendants

3.2     Defendant Rural Texas Broadband, Inc. is a domestic corporation whose primary place of business is within this judicial district, and who may be served with process by serving its

registered agent, Stephen C. Murphy, 10714 Cougar Ledge, San Antonio, Texas 78251 or at 1115 Autumn Moon, San Antonio, Texas 78245.

3.3     Rural Texas Broadband, Inc. was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant ADT Systems, Inc. is a domestic corporation whose primary place of business is within this judicial district, and who may be served with process by serving its registered agent, Stephen C. Murphy, at 10714 Cougar Ledge, San Antonio, Texas 78251 or at 1115 Autumn Moon, San Antonio, Texas 78245.

3.5     ADT Systems, Inc. was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action and continuing thereafter.

4.2     At all relevant times, Defendants each had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants have been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.6     At all relevant times, Plaintiff was individually engaged in interstate commerce while performing his job duties for Defendants.

4.7     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide networking and communications services in Texas.  In 2009, ADT Systems was incorporated and split into two divisions, ADT Systems, Inc. and Texas Rural Broadband, Inc.   ADT Systems Inc. provides engineering, design, installation, and systems integration services.  Texas Rural Broadband, Inc. provides wireless internet to its customers. Plaintiff performed work for both Defendants.

5.2     Defendants operated as the single employer and/or joint employer for Plaintiff in that Defendants undertake related activities, have a unified business operation with common control, and share the common business.

5.3     Defendants have an interrelation of operations in jointly providing communications and internet services throughout Texas by sharing employees, clients and revenues with one another through an operationally interdependent network across Texas.

5.4     Defendants independently exercised control over the terms and conditions of Plaintiff's employment.

5.5     Defendants determined the wages to be paid to Plaintiff.

5.6     Defendants determined the work to be performed by Plaintiff.

5.7     Defendants determined the hours to be worked by Plaintiff.

5.8     Defendants determined the conditions of employment for Plaintiff.

5.9     Defendants maintained employment records on Plaintiff.

5.10    Defendants maintained the power to hire, fire, and discipline Plaintiff.

5.11    Plaintiff was employed by Defendants during the three-year period preceding the filing of this Complaint.

5.12    As a part of their operations, Defendants employed Plaintiff as an hourly field technician.

5.13    Plaintiff was a non-exempt employee under the FLSA.

5.14    Plaintiff consistently worked in excess of forty hours per week.

5.15    Although Plaintiff worked more than forty hours per week, he was not compensated for overtime hours at one and one-half times his appropriate regular rate.

5.16    As a non-exempt employee, Plaintiff was entitled to an overtime premium for all hours worked in excess of forty in a workweek.

5.17    Accordingly, Defendants' practice of failing to pay overtime compensation is a clear violation of the FLSA.

5.18    Additionally, Defendants' failure and refusal to pay Plaintiff any compensation at all during the final weeks of his employment constitutes a clear violation of the minimum wage provisions of the FLSA.

5.19    At all times relevant to this action, Plaintiff's primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of its customers.

5.20    At all times relevant to this action, Plaintiff's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

5.21    Plaintiff did not direct the work of two or more employees at any time during his employment with Defendants.

5.22    Plaintiff did not have the authority to hire or fire other employees at any time during his employment with Defendants.

5.23    Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight at any time during his employment with Defendants.

5.24    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime and minimum wage compensation.  Plaintiff is entitled to liquidated damages for such conduct.

## VI.    CAUSES OF ACTION:  VIOLATIONS OF FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    Plaintiff is entitled to an overtime premium for all hours in excess of forty worked during each seven-day workweek.

6.3    Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff overtime compensation at a rate of one and one-half times his appropriate regular rate.

6.4    During Plaintiff's employment, Plaintiff routinely worked in excess of forty hours per week, often working fifty-five to sixty hours per week.  Even though Plaintiff worked in excess of forty hours per week, Defendants have failed to pay Plaintiff overtime premiums for such hours.

6.5    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

**Failure to Pay Minimum Wage**

6.6     Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff minimum wage for all hours worked during his employment, as Defendants wrongfully withheld Plaintiff's last paycheck.

6.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff minimum wage for all hours worked during his employment.

6.8     Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime and minimum wage compensation.  Plaintiff is entitled to liquidated damages for such conduct.

6.9     Plaintiff seeks all unpaid overtime and minimum wage compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Noel Ybarra respectfully prays that Defendants Rural Texas Broadband, Inc. and ADT Systems, Inc. be cited to appear, and that, upon trial of this matter, Plaintiff recover as set forth below, with Defendants being held jointly and severally liable for the following:

a.     For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid minimum and overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid minimum and overtime wages found due to Plaintiff;

b.      For an Order awarding Plaintiff the taxable costs and allowable expenses of this action;

c.      For an Order awarding Plaintiff attorneys' fees;

d.      For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

e.      For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.


                    Respectfully Submitted,

                    **MORELAND VERRETT, P.C.**
                    The Commissioners House at Heritage Square
                    2901 Bee Cave Road, Box L
                    Austin, Texas 78746
                    Tel: (512) 782-0567
                    Fax: (512) 782-0605

                    By:  */s/ Douglas B. Welmaker*
                            Douglas B. Welmaker
                            Texas State Bar No. 00788641
                            doug@morelandlaw.com